UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KIYANTAE N.,[1]

                                    Plaintiff,                    Case # 20-CV-6998-FPG

v.                                                               DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

## INTRODUCTION

Plaintiff Kiyantae N. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  ECF No. 1.  The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  ECF Nos. 7, 8.  For the reasons that follow, Plaintiff's motion, ECF No. 7, is DENIED, the Commissioner's motion, ECF No. 8, is GRANTED; and the ALJ's decision is AFFIRMED.

## BACKGROUND

In October 2016, Plaintiff applied for SSI with the Social Security Administration ("the SSA").  Tr.[2] 66-67.  She alleged disability since August 2016 due to the following conditions: pelvic surgery, depression, and anxiety.  Tr. 67.  In December 2019, Administrative Law Judge Alexander Klibaner ("the ALJ") issued a decision finding that Plaintiff is not disabled.  Tr. 13-32.

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter.  ECF No. 6.

On September 24, 2020, the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  This action seeks review of the Commissioner's final decision.  ECF No. 1.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.   Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 416.920(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant

restrictions on the claimant's ability to perform basic work activities.  *Id.* § 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id.* § 416.920(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id.* § 416.920(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  *Id.* § 416.920(f).  If the claimant can perform such requirements, then he or she is not disabled.  *Id.*  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id.* § 416.920(g).  To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 25,

2016, the application date.  Tr. 18.  At step two, the ALJ found that Plaintiff had severe

impairments of degenerative disc disease status post motorcycle accident and major depressive

disorder/bipolar disorder.  *Id.*  At step three, the ALJ found that these impairments did not meet or

medically equal any Listings impairment.  Tr. 19.

Next, the ALJ determined that Plaintiff had the RFC to perform light work with the

following exertional and non-exertional limitations:

> [Plaintiff] can stand/walk for 4 hours in an 8-hour workday; cannot climb ladders,
> ropes, and scaffolds; can occasionally balance, stoop, crouch, kneel, and crawl; can
> tolerate occasional exposure to extreme cold, extreme heat, wetness, humidity,
> vibration (such as a jackhammer), and pulmonary irritants; should avoid workplace
> hazards such as unprotected heights and machinery; is able to remember,
> understand, and carry out simple, routine tasks, defined to include unskilled tasks
> that take no more than a month to learn the techniques, acquire the information, and
> develop the facility needed for average performance of those tasks; can carry out
> those tasks for 2-hour periods throughout a 40-hour workweek; is able to make
> simple work-related decisions; can tolerate occasional, simple changes in work
> routine.

Tr. 20-27.

At step four, the ALJ found that Plaintiff could not perform any past relevant work.  Tr.

27.  At step five, the ALJ found that there were jobs that existed in significant numbers in the

national economy that Plaintiff could perform.  Tr. 27-28.  The ALJ therefore found that Plaintiff

is not disabled.  Tr. 28.

## II.   Analysis[3]

Plaintiff raises two arguments for remand.  First, she asserts that remand is warranted

because the ALJ's "highly-specific RFC determination was not supported by substantial

---

[3] Plaintiff's claim was filed in October 2016.  Therefore, the amendment to the regulations that applies to claims filed after March 27, 2017, does not apply to this case.  *See Raymond M. v. Commissioner*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *4 (N.D.N.Y. Feb. 22, 2021) ("The regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017, and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded.").

evidence." ECF No. 7-1 at 9. More specifically, Plaintiff contends that the ALJ "impermissibly

. . . crafted a highly specific RFC based on his own lay opinion of the raw medical evidence." *Id.*

Second, she argues that the ALJ performed a flawed credibility analysis, rendering the RFC

unsupported. *Id.* at 12-13. The Court considers each argument in turn below.

### A. RFC

#### 1. Legal Standard

A claimant's RFC reflects what he or she "can still do despite his or her limitations."

*Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012)

(quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). To make the RFC determination, "the

ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain

and other limitations that could interfere with work activities on a regular and continuing basis."

*Id.* (citation omitted); *see also* 20 C.F.R. § 416.945(a). The ALJ assesses the RFC "based on all

of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3).

"[A]n RFC assessment must first identify the individual's functional limitations or

restrictions and assess his or her work-related abilities on a function-by-function basis; it is only

after that may RFC be expressed in terms of the exertional levels of work." *Hurley v. Colvin*, No.

6:17-CV-06031(MAT), 2018 WL 1250020, at *3 (W.D.N.Y. Mar. 12, 2018) (citing S.S.R. 96-8p,

1996 WL 374184, at *1 (S.S.A. July 2, 1996) (quotation marks and alterations omitted)). "Such

work-related functions include physical abilities such as sitting, standing, walking, lifting,

carrying, pushing, pulling, or other physical functions; mental abilities such as understanding,

remembering, carrying out instructions, and responding appropriately to supervision[.]"

*Diakogiannis v. Astrue*, 975 F. Supp. 2d 299, 313 (W.D.N.Y. 2013) (citation & internal quotation

marks omitted).

Remand is not required, however, simply because the ALJ did not conduct an explicit function-by-function analysis. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The ALJ's RFC determination may nonetheless be upheld when her analysis "affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous." *Id.* (collecting cases). But "[r]emand may be appropriate . . . where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 177-78 (citation omitted).

The RFC determination does not have to "perfectly correspond" with the medical source opinions cited in the ALJ's decision; rather, the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order). But "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted). When an ALJ does not rely on a medical opinion to formulate the claimant's RFC, he must "provide a function-by-function analysis of [the claimant]'s work-related capacity." *Ford v. Colvin*, No. 12-CV-301A, 2013 WL 4718615, at *8 (W.D.N.Y. Sept. 3, 2013).

### 2. Opinion Evidence

#### a. Dr. Deneen's Opinion

Plaintiff first takes issue with the ALJ's analysis of the opinion of Dr. Todd Deneen, Psy.D. ECF No. 7-1 at 11. Dr. Deneen examined Plaintiff on October 17, 2019. He opined that Plaintiff would not be limited in her ability to "[u]nderstand, remember and apply simple directions and instructions, sustain routine and regular attendance at work, maintain personal hygiene and

appropriate attire, awareness of normal hazards and taking appropriate precautions." Tr. 993. His findings further indicated that Plaintiff would be only mildly limited in her capacity to "[u]nderstand, remember and apply complex directions and instructions, use reason and judgment to make work related decisions, interact adequately with supervisors, coworkers and the public, sustain concentration and perform a task at a consistent pace, regulate emotions, control behavior and maintain well-being." *Id.*  In addition, Dr. Deneen noted that Plaintiff would be mildly limited in her ability to "[r]espond appropriately to usual work situations and to changes in a routine work setting." Tr. 996.

Plaintiff contends that the ALJ erred in his assessment of Dr. Deneen's opinions because (1) he "does not specify which portions of the opinions he credited"; and (2) his findings regarding Plaintiff's "limitations in understanding, remembering, and applying information, concentration, persistence and managing pace as well as tolerating changes in the work" require "a highly specific determination" and "expert guidance." ECF No. 7-1 at 11.

The ALJ granted partial weight to Dr. Deneen's findings. Tr. 26-27. In doing so, he stated the following:

> I give partial weight to the opinion of Dr. Deneen who opined that the claimant would have the ability to interact appropriately with supervisors, co-workers, and the public and that her depression is only mild. Further, her emotional difficulties did not interfere significantly with her ability to care [sic] out her activities of daily living.  However, I find that the record supports greater limitations regarding understanding, remembering, applying information, concentration, persistence and managing pace as well as tolerating changes in the work routine.

Tr. 26-27.

Based on this analysis of Dr. Deneen's opinions, the ALJ crafted an RFC which found that Plaintiff could perform light work and is "able to remember, understand, and carry out simple, routine tasks, defined to include unskilled tasks that take no more than a month to learn the

7

techniques, acquire the information, and develop the facility needed for average performance of those tasks; can carry out those tasks for 2-hour periods throughout a 40-hour workweek; is able to make simple work-related decisions; can tolerate occasional, simple changes in work routine." Tr. 20-21.

As a general matter, where an ALJ imposes a limitation in his RFC that is *more* restrictive than the relevant medical opinions, there is no error and thus no grounds for remand with respect to that limitation. *See Baker v. Berryhill*, No. 15-CV-943, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018) ("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand."). Here, the ALJ found that the record supported more restrictive limitations than Dr. Deneen in the areas of "understanding, remembering, applying information, concentration, persistence, and managing pace as well as tolerating changes in the work routine." Tr. 26-27. He crafted the above RFC to account for these findings. Regarding Plaintiff's ability to understand, remember, and apply information, the ALJ limited her to the performance of "simple, routine tasks, defined to include unskilled tasks that take no more than a month to learn the techniques, acquire the information, and develop the facility needed for average performance of those tasks." Tr. 20-21. To account for Plaintiff's limitations in concentration, persistence, and managing pace, he called for Plaintiff to perform tasks for 2-hour periods. *Id.* Finally, to accommodate Plaintiff's limitation in tolerating changes in the work routine, the ALJ stated that Plaintiff can tolerate, on occasion, simple changes in work routine. *Id.* Accordingly, the Court sees no harmful error in these portions of the ALJ's RFC as his assessments on these limitations were more restrictive than Dr. Deneen's opinion.

Regarding Plaintiff's ability to interact appropriately with supervisors, co-workers, and the public, the ALJ notes that Dr. Deneen found that Plaintiff would have only a mild limitation in

these areas.  Tr. 23.  Indeed, Dr. Deneen did make such a finding.  Tr. 993.  Later, in the portion

of his decision where he discusses opinion evidence and grants partial weight to Dr. Deneen's

opinion, the ALJ again states that Dr. Deneen "opined that the [Plaintiff] would have the ability to

interact appropriately with supervisors, co-workers, and the public."  Tr. 26.  Thus, it is clear from

the ALJ's decision that he considered Plaintiff's mild limitations in interacting with others.  The

fact that the ALJ ultimately did not incorporate any limitations into the RFC to accommodate these

mild limitations is not error where, as here, it is clear from his analysis that the ALJ considered

these mild mental limitations but declined to adopt them, and incorporated other mental

limitations, as noted above, into the RFC.  *Cf. David Q. v. Comm'r of Soc. Sec.*, No. 20-CV-

1207MWP, 2022 U.S. Dist. LEXIS 47748, at *20-22 (W.D.N.Y. Mar. 17, 2022) (remanding where

"the record does not demonstrate that the ALJ properly considered the impact of that impairment

in evaluating plaintiff's RFC, as he was required to do"); *MacDonald v. Comm'r Soc. Sec.*, No.

17-CV-921, 2019 U.S. Dist. LEXIS 115816, *10 (W.D.N.Y. July 11, 2019) (finding error where

"because [the ALJ's] RFC includes no mental restrictions or limitations whatsoever . . . this Court

cannot be certain that the ALJ actually considered her mental issues when addressing her RFC.").

Moreover, "[t]he Second Circuit has repeatedly stated that the RFC need not perfectly

correspond with any of the opinions of medical sources cited in his decision, and that an ALJ is

entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the

record as a whole."  *Timothy K. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1529-JJM, 2022 WL

2062711, at *4 (W.D.N.Y. June 8, 2022) (citations & internal quotation marks omitted). .

For the reasons stated above, the Court finds no error in the ALJ's analysis of Dr. Deneen's

opinion.

### b. Dr. Toor's Opinions

Plaintiff's next argument for remand is that the ALJ committed legal error in his analysis of the opinions of consultative examiner Dr. Harbinder Toor, M.D. ECF No. 7-1 at 11. Dr. Toor rendered two opinions in this case—one in March of 2017 and one in October 2019. *See* Tr. 304, 307, 980-89.

In March 2017, Dr. Toor examined Plaintiff and opined that she has "moderate limitations standing, walking, and sitting for a long time. She has moderate to marked limitations bending, lifting, and carrying." Tr. 306. His exam notes indicate that Plaintiff had recently been in a car accident and that "[s]he can be evaluated in the next few months after complete recovery." *Id.*

The ALJ afforded "little weight" to this opinion because it "was rendered when the [Plaintiff] was still recovering and . . . is a temporary assessment." Tr. 26. Plaintiff contends that "the ALJ . . . rationalizes providing 'little weight' to the opinion of Dr. Toor, finding the limitations he provided to be 'temporary.'" ECF No. 7-1. While Plaintiff evidently disagrees with the ALJ's view of the evidence, she fails to develop any meaningful argument as to why the ALJ's analysis of Dr. Toor's first opinion was in error, and she cites no case law in support of this argument. The Court declines to develop an argument for her. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."); *see also Esmeralda M. v. Comm'r of Soc. Sec.*, No. 20-CV-1259, 2022 WL 2669918, at *2 (W.D.N.Y. July 11, 2022) ("[U]nder the substantial evidence standard of review, it is not enough for [P]laintiff to merely disagree with the ALJ's weighing of the evidence."). Indeed, the only case Plaintiff cites in her one-paragraph argument regarding Dr. Toor's opinions is unrelated to her argument regarding the ALJ's analysis of Dr. Toor's findings in March 2017.

Approximately two and a half years later, in October 2019, Dr. Toor examined Plaintiff again and opined that she has "moderate limitation standing, walking, sitting, bending, lifting, and carrying" and that "[p]ain interferes with her balance."  Tr. 982.

The ALJ afforded "partial weight" to this opinion, noting that he found Dr. Toor's use of the term "moderate" to be "somewhat vague."  Tr. 26.  However, despite noting the vagueness of that term, the ALJ ultimately crafted an RFC that was *more* restrictive in the areas identified above than what was called for by Dr. Toor—with the exception of Dr. Toor's finding that Plaintiff could sit for only four hours, with which the ALJ concurred and incorporated into the RFC.  *See* Tr. 26, 983-88.  Thus, because the ALJ's RFC is more restrictive than Dr. Toor's opinion, there is no legal error in his analysis.  *See Baker*, 2018 WL 1173782, at *2 ("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.").

### c.  Dr. Holmberg's Opinion

Finally, Plaintiff argues that remand is warranted because the ALJ erred in his analysis of the opinion of the state agency consultant A. Holmberg, M.D.  ECF No. 71-74.  However, this argument fails for the same reason as the argument regarding Dr. Toor's October 2019 opinion: the ALJ's RFC is *more* restrictive than the limitations called for in Dr. Holmberg's opinion. Accordingly, there is no error in the ALJ's analysis and remand is not warranted.  *See Baker*, 2018 WL 1173782, at *2 ("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.").

### B.  Credibility

The Court turns to Plaintiff's second argument: that the ALJ conducted an improper credibility analysis, resulting in an unsupported RFC.  ECF No. 7-1 at 12-17.

11

In determining whether a claimant is disabled, the ALJ considers all of her alleged symptoms, including pain, and the extent to which they are consistent with the record evidence and affect her daily activities and ability to work.  20 C.F.R. § 416.929(a) (effective June 13, 2011 to Mar. 26, 2017); *see also* S.S.R. 16-3p, 2016 WL 1119029, at *2 (S.S.A. Mar. 16, 2016).  But the claimant's statements alone will not establish disability.  20 C.F.R. § 416.929(a).  Thus, the ALJ follows a two-step process when considering the claimant's alleged symptoms and how they affect her ability to work.  The ALJ must first consider whether the medical evidence shows any impairment that "could reasonably be expected to produce the pain or other symptoms alleged." *Id.*  If such an impairment is shown, the ALJ must evaluate the "intensity and persistence" of the claimant's symptoms to determine the extent to which they limit her work capacity.  *Id.* § 416.929(c)(1).

When the objective medical evidence alone does not substantiate the claimant's alleged symptoms, the ALJ will consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate symptoms; (5) other treatment received to relieve symptoms; (6) any measures the claimant has taken to relieve symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to symptoms.  *Id.* § 416.929(c)(3)(i)-(vii).

When the ALJ evaluates the claimant's symptoms, she cannot "make a single, conclusory statement" indicating that she considered the claimant's statements or that the statements are unsupported or inconsistent. S.S.R. 16-3p, 2016 WL 1119029, at *9.  The ALJ also cannot "simply . . . recite the factors described in the regulations for evaluating symptoms."  *Id.*  The ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be

consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.*

Here, Plaintiff argues, *inter alia*, that, "[a]lthough [the] ALJ provided ''specific' [sic] reasons for discounting Plaintiff's credibility, the Court cannot find that they were 'legitimate' reasons because they are based on misconstruction of the record."[4]  ECF No. 7-1 at 13-17.  More specifically, Plaintiff contends that the ALJ "improperly failed to consider relevant evidence and activities, and otherwise misconstrued Plaintiff's activities and abilities[.]"  *Id.* at 16.  This argument fails.[5]  In accordance with the regulations, the ALJ compared Plaintiff's allegations and testimony to the treatment notes, objective evidence, and medical opinions, considered Plaintiff's conservative treatment history and the effect of medication, and discussed Plaintiff's daily activities.  Tr. 21-25; *see* 20 C.F.R. § 416.929(c)(3)(i), (iv)-(vii).

As to Plaintiff's daily activities, the ALJ cited Dr. Deneen's report and noted that Plaintiff "does shopping, laundry, cleaning and cooking as needed."  Tr. 24 (citing Tr. 990-97).  The ALJ also noted that Plaintiff's "treatment has been of a conservative and routine nature."  Tr. 24.  He further noted that Plaintiff admitted to having the following capabilities: "[s]he can care for a

---

[4] S.S.R. 16-3p, which became effective on March 16, 2016 and applies in this case, superseded S.S.R. 96-7p and "eliminate[d] the use of the term credibility from sub-regulation policy." *Kearney v. Berryhill*, No. 1:16-CV-00652-MAT, 2018 WL 5776422, at *6 (W.D.N.Y. Nov. 2, 2018) (citation omitted).  The former Ruling put a "stronger emphasis" on the ALJ's duty to make a credibility finding regarding the claimant's statements. *Id.* (citation omitted).  The current Ruling makes it clear that the ALJ is not evaluating the claimant's character when she evaluates the claimant's subjective symptoms. *Id.* (citation omitted).

[5] The Court has considered Plaintiff's other "sub-arguments" related to credibility and finds no error on the ALJ's part with respect to his credibility analysis.  The lack of subheadings in this portion of Plaintiff's brief makes the credibility arguments difficult to follow and the Court declines to consider any arguments not adequately raised. *See Zannino*, 895 F.2d at 17.

Much of Plaintiff's argument is, in essence, that some record evidence is inconsistent with the ALJ's findings Plaintiff's. *See* ECF No. 7-1 at 13-16.  That is immaterial, however.  "[U]nder the substantial evidence standard of review, it is not enough for [P]laintiff to merely disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support [her] position." *Gonzalez-Cruz v. Comm'r of Social Sec.*, 294 F. Supp. 3d 164, 187 (W.D.N.Y. 2018).  A claimant cannot obtain remand merely by citing "evidence that arguably supports more restrictive limitation"; she must "articulate how the ALJ's [contrary] finding . . . was erroneous." *Piotrowski v. Comm'r of Soc. Sec.*, No. 18-CV-6075, 2019 WL 2266797, at *6 (W.D.N.Y. May 28, 2019) (emphasis added).

disabled child as a single parent"; "[s]he has sought out financial resources for her daughter"; "[s]he can handle her own finances, attend to personal care, use public transportation, and assist her grandmother." Tr. 24-25.  Although the claimant "need not be an invalid" to be disabled under the Social Security Act, *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (citation omitted), the ALJ may properly consider the claimant's daily activities when assessing her statements.  20 C.F.R. § 416.929(c)(3)(i).  Based on the foregoing, the Court finds that the ALJ properly analyzed Plaintiff's credibility in accordance with the regulations.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 7, is DENIED.   The Commissioner's Motion for Judgment on the Pleadings, ECF No. 8, is GRANTED.  Plaintiff's Complaint, ECF No. 1, is DISMISSED WITH PREJUDICE.  The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 14, 2022
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

14